CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 13 2014

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAZIE GREEN, | ) |
| | ) Civil Action No. 7:13CV00544 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

The plaintiff, Mazie Green, has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security establishing plaintiff's entitlement to a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. The Commissioner determined that plaintiff became disabled for purposes of her application for benefits on November 26, 2010, the date of her fiftieth birthday. In an application for benefits filed on October 27, 2010, Mrs. Green maintains that she became disabled for all forms of substantial gainful activity on August 6, 2009, when she last engaged in work activity. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).

This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff became disabled for all forms of substantial gainful activity on November 26, 2010. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

As reflected above, Mrs. Green was born on November 26, 1960. She completed her high school education. Plaintiff has worked over a period of many years as a waitress. She last worked on a regular basis on or about August 6, 2009. On October 27, 2010, Mrs. Green filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on August 6, 2009, due to a cervical disc injury, including osteophyte formation and bulging discs at C4-5; thoracic spine problems; headaches; muscle weakness and fatigue; numbness in her arms and legs; balance problems; and neck pain. She now maintains that she has remained disabled to the present time. The record reveals that Mrs. Green met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Green's application for benefits was approved upon initial consideration. (TR 58). It was determined that plaintiff became disabled for all forms of substantial gainful employment on November 26, 2010. (TR 58). Mrs. Green sought reconsideration of this decision. In seeking reconsideration, plaintiff asserted for the first time that she actually became disabled on April 12, 2002, when she first suffered her neck and upper back injuries. (TR 82). However, the initial decision was adopted on reconsideration. Plaintiff then requested and received a de novo hearing and review before an Administrative Law Judge.

Following conduct of an administrative hearing, the Law Judge rendered his decision on August 28, 2012. The Law Judge found that Mrs. Green experiences severe impairments, including degenerative disc disease of the cervical spine; headaches; and cervical/dorsal musculoligamentous strain. (TR 14). Because of these impairments, the Law Judge ruled that Mrs. Green is disabled for her past relevant work as a waitress. (TR 18). However, the Law Judge determined that plaintiff

2

retains sufficient functional capacity to perform a limited range of sedentary work activity. The Law Judge assessed Mrs. Green's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that as of August 6, 2009 and up to November 26, 2010, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) as follows: lift and carry 10 pounds occasionally and 5 pounds frequently; sit for a total of 6 hours of an 8-hour workday; stand and/or walk for 2 hours of an 8-hour workday; (nonexertional) occasional balancing, kneeling, crouching, stooping, bending, and climbing of ramps and stairs; no crawling or climbing of ladders, ropes or scaffolds; and avoidance of even moderate exposure to vibration and hazards (machinery, heights, etc.).

(TR 17). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge applied the medical vocational guidelines so as to conclude that Mrs. Green became disabled for all forms of substantial gainful activity as of her fiftieth birthday on November 26, 2010. See 20 C.F.R. § 404.1569, and Rule 201.09 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. However, as to the period prior to her fiftieth birthday, given a residual functional capacity for a limited range of sedentary exertion, and based on the testimony of the vocational expert, the Law Judge applied Rule 201.21 of Appendix 2 so as to conclude that Mrs. Green was not disabled. (TR 19-20). Thus, the Law Judge ultimately concluded that plaintiff became disabled for all forms of substantial gainful employment on November 26, 2010, but that she was not disabled prior to that time. (TR 20). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Green has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See

3

42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. While Mrs. Green now maintains that she became disabled for all forms of substantial gainful employment on April 12, 2002 due to a work-related injury to her neck and upper back, it is beyond question that plaintiff continued to engage in substantial gainful activity, though on a somewhat sporadic basis, until she terminated her most recent job as a waitress on August 6, 2009. Her earnings record demonstrates regular work income averaging approximately $1,000 per month from 2005 through August of 2009. (TR 141). As for the period between August 6, 2009 and November 26, 2010, the court agrees with the Commissioner's observation that the medical record does not demonstrate a substantial worsening in plaintiff's physical condition. In the only medical report completed during the critical period of time, Dr. Robert Henderson noted that despite plaintiff's neck pain, headaches, depressed mood, and fatigue, Mrs. Green had no loss in range of motion, and no significant clinical findings. (TR 383). Sometime shortly after she was determined to be disabled, Mrs. Green underwent an MRI study which confirmed the presence of some herniation in the cervical spine with osteophyte formation in the cervical and thoracic regions. (TR 415). Surgical intervention was not considered necessary. (TR 415). Thus, there is no medical evidence which suggests that plaintiff's

4

musculoskeletal difficulties had worsened since the time in which she engaged in regular work activity. As reflected by the Law Judge's opinion, the Commissioner's final decision was clearly based on plaintiff's advancing age, and application of the medical vocational guidelines, rather than on any deterioration in her physical capacity. Based on the scant medical record available for review, the court must conclude that the Commissioner's treatment of plaintiff's claim is supported by substantial evidence. It follows that the Commissioner's final decision must be affirmed.

On appeal to this court, Mrs. Green contends that the Law Judge failed to properly account for the reports from the state agency physicians that were completed in connection with the early stages of the administrative review. It is undisputed that these doctors did not examine Mrs. Green, and that their assessments were based on their review of the existing medical record. Plaintiff argues that the findings of the state agency physicians establish that she experienced musculoskeletal problems which met or equaled one of the listings under Appendix 1 as of the time she last worked.[1] However, it is clear that neither Dr. Michael Hartman nor Dr. Richard Surrusco, the state agency physicians who reviewed plaintiff's medical evidence, determined that Mrs. Green's impairments either met or equaled a listed impairment. Indeed, both state agency physicians ultimately found it necessary to proceed to the fifth and final stage of the sequential disability evaluation in Mrs. Green's case. See gen., 20 C.F.R. § 404.1520. Thus, the court finds no support in the evidence for the proposition that plaintiff's combination of impairments met or equaled a listing.

Mrs. Green also notes that both Dr. Hartman and Dr. Surrusco indicated in their opinions that her symptoms were consistent with her medically determinable impairments. (TR 63, 74). The court

---

[1] If a claimant suffers from an impairment which meets or equals one of the listings under Appendix 1 to Subpart P of the Administrative Regulations Part 404, the claimant is deemed to be disabled for all forms of substantial gainful activity without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 404.1520(d).

5

agrees that it is important that the state agency physicians found plaintiff's symptoms to be consistent with the medical record. It is well settled that in order for pain to be disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Craig v. Chater, 76 F.3d 585, 592-93 (4th Cir. 1996); Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). In the instant case, however, the court must conclude that plaintiff's evidence falls short in establishing the existence of a condition which could reasonably be expected to cause the level of discomfort described by Mrs. Green in her testimony. As noted above, both Dr. Hartman and Dr. Surrusco ultimately determined that plaintiff could engage in sedentary levels of work despite the discomfort produced by her musculoskeletal problems. More importantly, Dr. Henderson's medical report, completed after an examination of plaintiff conducted during the critical period of time in question, clearly indicates that Mrs. Green's physical problems did not result in totally disabling subjective manifestations. Indeed, other than for plaintiff's symptomatology, Dr. Hartman considered the clinical findings to be essentially unremarkable. The simple fact is that Mrs. Green continued to work for many years despite the musculoskeletal problems associated with her work-related injury. Stated succinctly, the court concludes that the medical record supports the Commissioner's determination that plaintiff's pain and subjective discomfort were not so severe as to render her disabled for the sedentary levels of work envisioned by the Administrative Law Judge.

Finally, although not raised by plaintiff, the court believes that there is no cause for remand of this case for further consideration under the rule established by the United States Court of Appeals for the Fourth Circuit in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995). In Bailey, the Fourth Circuit interpreted Social Security Ruling 83-20 so as to conclude that, if the evidence of disability onset is ambiguous, the Commissioner should receive assistance from a medical advisor in order to

properly assess and determine the date of disability onset. However, in the instant case, disability onset was clearly established through reference to the medical vocational guidelines, and not the medical evidence. Stated differently, while the Commissioner determined that plaintiff remained capable of a limited range of sedentary exertion at all times, her advancing age prevented performance of new, sedentary jobs at the time she became fifty. Thus, the court concludes that the date of disability onset is not ambiguous. It follows that there is no cause for remand for further consideration.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Green was free of pain, discomfort, fatigue, and depression prior to her fiftieth birthday. Indeed, the medical record confirms that plaintiff has suffered from a definite musculoskeletal impairment for many years, and that her condition has resulted in a wide range of adverse symptoms. However, the only doctor who examined plaintiff during the critical period of time at issue, specifically noted no significant clinical findings. Simply stated, while many claimants do not benefit from application of the medical vocational guidelines, this is a case in which the guidelines did work to the claimant's advantage. As for the period prior to Mrs. Green's fiftieth birthday, it must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, supra.at 594-95. Once again, it appears that all of the subjective factors reasonably supported by the medical record have been considered in the adjudication of plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales,

7

supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 13th day of November, 2014.

*Glen Conrad*

Chief United States District Judge